UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNY THERESA ROMAN and
BENITO ROMAN LUGO,

        Plaintiffs,

Case No. 1:15-cv-887

Hon. Paul L. Maloney

vs.

UNITED STATES DEPARTMENT
OF STATE,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

This is an action seeking relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This matter is now before the Court on defendant's motion for summary judgment (docket no. 16).

    **I.**    **Background**

Plaintiff Jenny Theresa Roman (sometimes referred to as "Jenny") is a citizen of the United States residing in the Western District of Michigan and her husband, plaintiff Benito Roman Lugo (sometimes referred to as "Benito"), is a citizen of Mexico. They filed this action pursuant to 5 U.S.C. § 552(b)(4)(A) which provides in pertinent part that:

> On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(b)(4)(A).[1]

---

[1] In their complaint, plaintiffs state that they brought this action pursuant to 5 U.S.C. § 552(b)(4)(B).

The relevant allegations are as follows. On August 22, 2013 the Consular Information Unit of the United States Consulate General Ciudad Juarez, Mexico responded to an inquiry from the plaintiffs' counsel as to the reasoning behind the denial of Benito's visa application. Compl. (docket no. 1, PageID.2). The Consulate's response stated in pertinent part:

> Our records indicate that on June 19, 2013, Mr. Roman was formally refused an immigrant visa under INA 212(a)(3)(A)(II), as an alien whom the consular officer has found that there is reason to believe that the alien is a member of a known criminal organization. Please note that the "reason to believe" standard refers to more than just mere suspicion; it is a probability, supported by the facts, that the alien is a member of an organized criminal entity. Therefore, this is a factual determination that the consular officer must make; and indeed did make, at the time of Mr. Roman's immigrant visa interview. Please note that this decision was done in accordance with supervisory review. Further, a formal advisory opinion was received from the State Department Visa Office that supports this decision. Please be advised that it's not a policy of the Department of State to distribute advisory opinions.
>
> Consequently, Mr. Roman is permanently ineligible for a visa under the INA section cited above and has no recourse to a waiver.
>
> In addition, Mr. Roman was found ineligible under section 212(a)(9)(B)(i)(II) of the U.S. Immigration and Nationality Act (INA). Under this section of law, any individual who has resided unlawfully in the United States for more than one year is ineligible for visa issuance for ten years.

Consulate General Letter (docket no. 1-1).

On September 19, 2013, plaintiffs each sent a FOIA request to defendant United States Department of State (referred to as "defendant" or "State Department") requesting "any and all records pertaining to [Benito's] application for an immigrant visa to the United States…." Compl. at PageID.2. While the complaint refers to "Exhibit 2," no such exhibit was attached to the complaint. Plaintiffs allege that they provided "all necessary information" for the State Department

to conduct a search and to locate the information requested, "including all identifying information for each as well as a Certification of Identity." *Id.*

While plaintiff did not provide a copy of this correspondence, defendant provided a copy of Benito's request in support of its motion for summary judgment. The FOIA request sought the following categories of documents: (1) any and all information, documentation, and correspondence, written or recorded, that pertains to the denial of my visa; (2) any and all information that contributed to the Department of State's decision that they had a reason to believe I am a part of criminal organization; (3) any and all handwritten or computerized notes taken by consular officials regarding any of my tattoos; (4) any and all handwritten or computerized notes taken by consular officials during my interviews on April 3, 2012 and April 10, 2012; (5) any and all photographs taken of me during the interview process; (6) transcripts of my interview; (7) copy of Advisory Opinion issued by the Department of State in my case; (8) any information issued by the Department of State and any consular officers pertaining to the denial of my visa; (9) copy of any information deemed to be "corroborating" by the Department of State in its decision to deny my application for visa; (10) names of the interviewing consular officials; (11) results of my biometrics and/or fingerprints and/or background check; (12) results of my medical exam; (13) names of any and all witnesses who may have made statements to the US Government, from whose statements evidence may have been derived that was utilized in reaching the decision to deny my visa; (14) any transcripts made from my statements made by any witnesses who made statements that were utilized in reaching the decision to deny my visa; (15) statements made by any witnesses who made statements that were utilized in reaching the decision to deny my visa; (16) notes or recordings made during any sessions wherein statements were taken or recorded from witnesses that were utilized in

3

reaching the decision to deny my visa; (17) all "facts" that are referenced in the email by the Consular Information Unit that contributed to the denial of my visa; (18) the name of the criminal entity to which it is suspected that I belong; and, (19) any and all notes or written information issued in the process of obtaining supervisory review of the decision.  *See* Plaintiffs' FOIA Request (docket no. 17-1, PageID.81-82).

On September 24, 2013, the State Department sent plaintiffs a response which plaintiffs characterize as "merely assigning a Case Control Number to their request and confirming the potential for payment of costs of processing their request." Compl. at PageID.2. Plaintiffs did not attach a copy of this letter to their complaint. However, defendant supplied a copy of this letter, which reflects that plaintiffs' counsel sent the FOIA request in a letter dated September 19, 2013, and that the State Department responded on September 24, 2013, stating that it will begin processing the request based upon the information provided by plaintiffs. *See* Letters (Sept. 19, 2013) (docket no. 17-1, PageID.80-85) and (Sept. 24, 2013) (docket no. 17-1, PageID.86). The State Department further advised that, "[u]nusual circumstances (including the number and location of Department components involved in responding to your request, the volume of requested records, etc.) may arise that would require additional time to process your request." Letter (Sept. 24, 2013). *See* 5 U.S.C. § 552(a)(6)(A).[2]

Plaintiffs' complaint includes the garbled allegation, "Since September 2013, there has been communication from the DOS [State Department] or [sic] any other agency that may [sic]

---

[2] In this regard, 5 U.S.C. § 552(a)(6)(A) provides in pertinent part, "Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall -- (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of--(I) such determination and the reasons therefor[.]"

related to the FOIA requests made by either party." *Id*. It is unclear whether plaintiffs are claiming that they did, or did not, receive contact from defendant between the time they filed the request in on September 19, 2013, and the time they filed this lawsuit on September 1, 2015. However, plaintiffs' recitation of the timeline omits the fact that on January 29, 2015, defendant advised plaintiffs' counsel that a response was forthcoming. In an e-mail, containing a response from Katrina Wood of the FOIA Requester Service Center advised plaintiffs' counsel as follows:

> Ms. Moore -- In response to your January telephone inquiry, the Department's request for records from the National Visa Center and Ciudad Juarez is pending.

> At this time the estimated completion date is December 2015.

Wood e-mail (docket no. 22-1, PageID.114). In short, plaintiffs filed this complaint about three months before the estimated completion date.

The complaint alleges that plaintiffs have a vital legal interest in the information being unlawfully withheld by the State Department, because it affects Jenny's ability to successfully petition for her husband to obtain a visa to enter and live in the United States with her and their children. Compl. at PageID.3. Plaintiffs further allege that "Defendant's failure to comply with its obligations under the FOIA have caused the Plaintiffs to suffer from not being able to timely review the information requested to determine how best to proceed with clarifying any misunderstanding or misinformation upon which a denial of Mr. Roman Lugo's immigrant visa was based, and have caused significant hardship for the parties minor children." *Id*.

Plaintiffs set forth a single count for violation of FOIA as follows:

> 16. Under 5 U.S.C. §552(a)(3) Defendant had an obligation to search for any and all records that are responsive to the request made by the Plaintiffs.

17. Defendant was required under 5 U.S.C. §552(a)(6)(A) to respond to the Plaintiff's requests within 20 days with no more than a 10 day extension as prescribed under 5 U.S.C. §552(a)(6)(B).

18. The time limits set forth under the FOIA have come and gone by more than 659 days.

19. Defendant has failed to abide by its obligations under the FOIA by not providing the requested information or, in the alternative, making a determination as to the request as permitted under the FOIA and the governing Code of Federal Regulations.

20. By failing to timely comply with its obligations under the FOIA, the Defendant has constructively denied the Plaintiffs' lawful requests for information.

21. Such failure deems the Plaintiffs to have fully complied with any requirement to exhaust administrative remedies under 5 U.S.C. §552(a)(6)(C)(i).

*Id*. at PageID.3.

For their relief, plaintiffs ask that the Court make a finding that defendant has violated FOIA and its governing regulations, issue an injunction requiring defendant to immediately respond to their FOIA request, and award costs and reasonable attorney fees to plaintiffs pursuant to 5, U.S.C. § 552(a)(4)(E). *Id*. at PageID.4.

In the joint status report prepared prior to the Rule 16 scheduling conference, defendant contended that this matter was moot, stating "[o]n February 10, 2016, the State Department completed its response to the FOIA requests and produced responsive records to the Plaintiff, withholding or redacting certain records." Joint Status Report (docket no. 12, PageID.34). Plaintiffs stated that defendants only responded to the request due to the filing of the litigation, that the claims of mootness were unwarranted, and that the response was not complete. *Id*. The Court issued an initial case management order (CMO) which included deadlines for amending the

6

pleadings and for defendant to file a motion for summary judgment. *See* CMO (docket no. 15). Defendant has filed a motion for summary judgment, which has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## II.    Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving

party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, the Court is not bound to blindly adopt a non-moving party's version of the facts.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.     Discussion

In its motion for summary judgment, the State Department contends that it has satisfied its obligations under FOIA in response to the requests submitted by plaintiffs.  As an initial matter, plaintiffs do not dispute the facts presented by defendant in their original motion, which included a lengthy declaration from Eric Stein, Acting Co-Director of the Office of Information Programs and Services of the State Department.  *See* Response (docket no. 18, PageID.90); Stein Declaration (May 6, 2016) (docket no. 17-1).  Based on this record, it is undisputed that searches of three State Department components, i.e., the U.S. Consulate General in Cuidad Juarez, Mexico, the National Visa Center, and the Office of Visa Services in the Bureau of Consular Affairs, were completed and documents submitted to plaintiffs on February 10, 2016.  *See* State Department Letter (Feb. 10, 2016) (docket no. 17-1, PageID.87). Most of the documents uncovered were withheld under a FOIA exemption.  *Id*.  Plaintiffs admit that defendant's legal argument is technically sound, i.e., "records which pertain to requests pertaining to the decisionmaking process on visas are exempt from the requirements to produce under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq." Plaintiff's Response at PageID.90.  Plaintiffs further stated that they "do not seek this court to make a finding that those documents which were withheld should be produced, or that Defendant acted improperly in withholding such documents." *Id*.

According to plaintiffs, their remaining claims are (1) that defendant "failed to produce any record or response as to withheld documents to Plaintiffs within the time prescribed under FOIA, namely 5 U.S.C. § 552(a)(6)," and (2) "[w]hile Defendant has since responded, a mere 876 days after Plaintiffs made their FOIA requests to Defendant, such response does not make this case moot, as Plaintiffs still have a valid claim for their reasonable attorney's fees in pursuing this matter." Plaintiffs' Response at PageID.89-90.[3]  While plaintiffs may seek attorney fees, their lawsuit is moot. Once the State Department turned over everything in its possession related to plaintiffs' FOIA request on February 10, 2016, "the merits of [plaintiffs'] claim for relief, in the form of production of information, became moot." *GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998). Plaintiffs admit this. *See* Plaintiffs' Response (docket no. 18, PageID.91). Accordingly, this lawsuit should be dismissed as moot.

---

[3] Plaintiffs are not entitled to relief due to the State Department's failure to produce their 19 categories of requested documents within the 20 day timeframe set forth in 5 U.S.C. § 552(a)(6)(A). As one court explained:

> Plaintiff seemingly argues that he has a right to sue Defendants because they failed to respond to his FOIA requests within 20 days. *See* 5 U.S.C. § 552(a)(6)(A)(i) (providing that agencies must determine whether they will comply with a FOIA request within 20 days). As Defendants contend, the time limits provided in 5 U.S.C. § 552(a)(6)(A)(i) merely allow a requestor to bring suit should the agency not respond to a request within 20 days. *See id.* § 552(a)(6)(C)(i). In other words, a requestor is deemed to have constructively exhausted his or her administrative remedies. Therefore, contrary to Plaintiff's allegations, he is not entitled to any form of relief due to Defendants' failure to respond to his requests within 20 days.

*Walker v. United States Department of Energy*, No. 07-15467, 2008 WL 880524 at *3 (E.D. Mich. March 31, 2008). "[T]he impact of blowing the 20-day deadline relates *only to the requester's ability to get into court*." *Electronic Privacy Information Center v. Department of Justice*, 15 F. Supp. 3d 32, 41 (D.D.C. 2014) (emphasis in original). "In other words, the statute only requires a response to a FOIA request within the twenty-day period, not production of the requested documents." *Judicial Watch, Inc. v. United States Department of Energy*, 888 F. Supp. 2d 189, 193 (D.D.C. 2012) (internal quotation marks and brackets omitted).

Nevertheless, plaintiffs may still seek attorney fees, because the issue of attorney fees is "ancillary to the underlying action and survives independently under the court's equitable jurisdiction." *GMRI, Inc.*, 149 F.3d at 451 (internal brackets and quotation marks omitted). In this regard, one court recently set forth the standard applicable for an award of attorney fees in a FOIA case:

> FOIA provides, in pertinent part, that, "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To determine whether fees and costs should be granted under this provision, courts apply a two-part test. *GMRI, Inc. v. EEOC*, 149 F.3d 449, 451 (6th Cir.1998). Courts first "decide whether the plaintiff 'substantially prevailed' and is thus eligible for such an award." *Id.* (citing *Maynard v. CIA*, 986 F.2d 547, 568 (1st Cir.1993)). The complainant has "substantially prevailed if the complainant has obtained relief through either -- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). If the plaintiff is eligible for an award, courts "then determine whether the plaintiff is entitled to such an award based upon a balancing of equitable considerations." *GMRI*, 149 F.3d at 451 (citing *Maynard*, 986 F.2d at 568).

*Weikamp v. United States Department of Navy*, 175 F. Supp. 3d 830, 834 (N.D. Ohio 2016).

The arguments in plaintiffs' response, *supra*, are related to the issue of whether they "substantially prevailed" in their claim so as to be allowed an award of attorney fees. *See id*. However, plaintiffs are putting the cart before the horse. There is no motion for attorney fees in this case. While plaintiffs' response to the pending motion for summary judgment talks about attorney fees and their status as prevailing parties, a response brief is not a motion.[4]

---

[4] *See* W.D. Mich. LCivR 7.2(c) ("Any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials."); W.D. Mich. LCivR 7.1(a) ("All motions, except those made during a hearing or trial, shall be accompanied by a supporting brief."); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought.").

Based on this record, the State Department's motion for summary judgment should be denied, this lawsuit dismissed as moot, and plaintiffs allowed to file a motion for attorney fees under FOIA, if they so choose.

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that defendant's motion for summary judgment (docket no. 16) be **DENIED** and that this lawsuit be **DISMISSED** as moot.

I further recommend that plaintiffs be allowed to file a motion for attorney fees if they so choose.


Dated: March 27, 2017            /s/ Ray Kent
                                 RAY KENT
                                 United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).